IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YOLANDA JONES-MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ADVANCED CHECK PROCESSING LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

NOW COMES the Plaintiff, YOLANDA JONES-MOORE, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, ADVANCED CHECK PROCESSING LLC, Plaintiff states as follows:

**I. PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

**II. JURISDICTION & VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**III. PARTIES**

4. YOLANDA JONES-MOORE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Waukegan, County of Lake, State of Illinois.

5. The debt that Plaintiff allegedly owed was incurred by Plaintiff for Plaintiff's personal and/or household expenditures.

1

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. ADVANCED CHECK PROCESSING LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is registered as a limited liability company in the State of Florida.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

13. Upon information and belief, prior to February 4, 2010, Defendant was cognizant of Plaintiff's cellular telephone number.

14. On or about February 4, 2010, despite Defendant being cognizant of Plaintiff's cellular telephone number, Mr. Anthony Freeman, a duly authorized representative of Defendant initiated a telephone call to Plaintiff's place of employment and spoke with Plaintiff's co-worker.

15. During the aforesaid telephone conversation between Defendant and Plaintiff's co-worker, Defendant told Plaintiff's co-worker that Plaintiff owed a debt.

16. During the aforesaid telephone call, Mr. Freeman told Plaintiff's co-worker that he was calling from the Fraud Division regarding Plaintiff's "case."

17. Plaintiff did not consent to Defendant contacting third-parties.

18. Plaintiff's co-worker then transferred the telephone call to Plaintiff wherein Plaintiff engaged in a telephone conversation with Defendant.

19. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff specifically advised Defendant that her employer does not permit her to accept calls of such nature while she is at work.

20. Plaintiff told Defendant that she would contact Defendant after she left her place of employment.

21. Shortly thereafter, on that same day, despite being advised that Plaintiff's employer prohibits her from receiving calls such as those from Defendant and despite Defendant being cognizant of Plaintiff's cellular telephone number, Mr. Freeman proceeded to initiate a telephone call to the President of the company for which Plaintiff works.

22. The President's secretary answered the aforesaid telephone call and engaged in a telephone conversation with Defendant.

23. During the aforesaid telephone call, Defendant stated that he was calling from the Fraud Division in relation to a debt Plaintiff owed.

3

24. Defendant then provided a putative case number for Plaintiff.

25. Defendant then gave a telephone number at which Plaintiff could contact Defendant.

26. The President's secretary informed Plaintiff regarding the aforesaid telephone call.

27. During Defendant's contacts with the aforesaid third-parties, as delineated above, Defendant did not state that it was calling to confirm or correct location information for Plaintiff.

28. Shortly thereafter, on that same day, Mr. Freeman initiated a telephone call to Plaintiff's cellular telephone and left Plaintiff a voicemail message.

29. At no time during the course of the aforementioned voicemail message did Defendant apprise Plaintiff that it was a debt, collector, attempting to collect a debt and that any information obtained would be used for that purpose.

30. During the aforesaid telephone call, Mr. Freeman stated that he was "calling from the Fraud Division at ACS."

31. Defendant then stated: "do you have a disability where you cannot talk to me like an adult?"

32. Defendant's statement, as delineated above, was neither a statement made in an effort to seek payment from Plaintiff nor a statement made to further the collection efforts of Defendant.

33. The natural consequence of Defendant's statement was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

34. The natural consequence of Defendant's statement was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

35. The natural consequence of Defendant's statement was to cause Plaintiff mental distress.

36. During the course of the aforesaid voicemail message, Defendant then provided Plaintiff with a putative case number.

37. Defendant further stated "I am contacting you as a courtesy since obviously you do not understand the severity of what is going on."

38. Defendant then stated "hopefully you will get lucky. Hopefully you will get legal help before this case is filed."

39. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

40. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

41. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

42. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

43. Defendant's statements that it was calling from the "Fraud Division," as delineated above, in conjunction with the fact that Defendant provided Plaintiff with a putative case number had the effect of conveying to an unsophisticated consumer that Mr. Freeman was affiliated with a governmental body and/or police agency.

44. Upon information and belief, Mr. Freeman is not affiliated with a governmental body and/or police agency.

45. Defendant's statements, as delineated above, in conjunction with the fact that Defendant provided Plaintiff with a putative case number had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal and/or fraudulent conduct.

46. Plaintiff has not engaged in criminal and/or fraudulent conduct in relation to the debt on which Defendant was attempting to collect.

47. Defendant's representations that Plaintiff had engaged in fraud were false, deceptive and/or misleading given that at the time Defendant made the aforementioned representation Plaintiff had not engaged in fraudulent conduct with respect to the debt Plaintiff allegedly owed.

48. Defendant's representations that Plaintiff had engaged in criminal and/or fraudulent conduct were statements made by Defendant to Plaintiff and to third-parties in an attempt to disgrace Plaintiff.

49. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

50. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

b.  Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

c.  Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

d.  Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

e.  Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

f.  Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

g.  Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

h.  Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

i.  Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

j.  Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

k.  Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

l.  Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

m.  Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

7

n. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

51. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

52. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, YOLANDA JONES-MOORE, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**YOLANDA JONES-MOORE**

By:    s/ David M. Marco
      Attorney for Plaintiff

Dated: February 18, 2011

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us